IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LIZBETH LEYVA, Individually and On Behalf of All Other Similarly Situated Plaintiff, | § § § § | |
| v. | § § § | CASE NO. 5:15-CV-00295-FB |
| 35 BAR & GRILL, LLC., d/b/a SAN ANTONIO MEN'S CLUB, IRAKLIS KOUROUMOUSIS, AND THEODORE DIMOPOULOS Defendants | § § § § | |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION
FOR CONDITIONAL CERTIFICATION AND EXPEDITED DISCOVERY**

For their Response to Plaintiff's Motion for Conditional Certification and Expedited Discovery, Defendants 35 Bar & Grill, L.L.C., Iraklis Kouroumousis, and Theodore Dimopoulos (collectively "Defendants") show the following:

**Introduction**

This is an action for alleged unpaid overtime compensation under the Fair Labor Standards Act (FLSA). Plaintiff contends that she and the other entertainers who have performed at the 35 Bar & Grill, L.L.C. dba San Antonio Men's Club have been improperly treated as independent contractors and that, in fact, they should have been classified as employees and that Defendants failed to pay them the minimum wage of $7.25 per hour worked. Defendants contend that Plaintiff and other entertainers have been properly classified as independent contractors. As the Fifth Circuit has repeatedly emphasized, "[t]he determination of whether an individual is an employee or independent contractor is highly dependent upon the particular situation presented," *Talbot v. American Risk Ins. Co., Inc.* (5th Cir. 2010), and in this

case, Plaintiff's factual allegations are substantially and materially incorrect. The evidence will ultimately demonstrate that the entertainers have substantial freedom to work when and how they want free of the kind of employer control experienced by most "employees," all the while earning more money than they would in most other jobs and occupations. Nevertheless, given the lenient standard for conditional certification, Defendants do not oppose the conditional certification of a class of entertainers who have performed at the San Antonio Men's Club during the three years preceding the Court's certification of a class.[1]

Defendants, however, object to Plaintiff's request for the following: (1) that Defendants produce all known phone numbers and social security numbers of all class members,[2] (2) that Defendants post the proposed notice at the San Antonio Men's Club; (3) that Plaintiff be allowed to employ a third party administrator to administer the notice process; and (4) that class members be allowed to opt-in electronically. Finally, Defendants object to various provisions of the Notice that has been proposed by Plaintiff. Defendants will address each of these issues in turn.

## Arguments and Authorities

*Requests for Phone Numbers and Social Security Numbers*

Plaintiff asks that the Court require Defendants to produce, among other items, the phone numbers for all class members. In support of its argument, Plaintiffs cite to a number of federal district court decisions, none of which actually provide a basis for why this information is necessary or required and instead seem to take for granted that the class representative is entitled to this information in order to effectuate notice.

---

[1] Plaintiff urges the Court to certify a class of entertainers who performed at the San Antonio Men's Club in the three years preceding the filing of the lawsuit. This is incorrect. The case law provides that the filing of a putative collective action does not toll the statute of limitations for any unnamed plaintiffs, and that a class member's statute of limitations does not stop running until the class member actually files suit or joins the action. *E.g., Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008); *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983). Therefore, the proper time frame is the three years preceding the Court's ruling on Plaintiff's Motion.

[2] Defendants also object to the production of email addresses; however, as a practical matter, this issue is not particularly important here because San Antonio Men's Club does not have email addresses for the entertainers.

Defendants object to the production of this information for two related reasons. For one, contrary to the decisions cited by Plaintiff, many federal district courts have concluded that social security numbers, phone numbers, and even email addresses constitute private and confidential information that should not be disclosed, at least not without proof that notice cannot be effected without disclosure of this information. This concern is particularly strong in the case at bar where there are more than 1,000 individuals in the putative class, and there can be little doubt that some of the class members would object to have their personal phone numbers and social security numbers being disseminated.

Below is a collection of district court opinions from around the country where the courts have declined to authorize the disclosure of class members' social security numbers, telephone numbers, and email addresses based on privacy concerns:

*Garcia v. TWC Administration, L.L.C.*, 2015 WL 1737932, * (W.D. Tex., Apr. 16, 2015) (Ezra, S.J.) (In a case involving the same plaintiff's counsel as the case at bar, holding that the disclosure of class members' phone numbers and email addresses, and instead limiting information to names and addresses);

*Nguyen v. Versacom, L.L.C.*, 2015 WL 1400564, *13 (N.D. Tex, March 27, 2015) (denying request for email addresses, telephone numbers, and last four digits of social security numbers because the prospective need for this information is outweighed by privacy interests);

*Villarreal v. Caremark, L.L.C.*, 66 F.3d 1184, 1196 (D. Ariz. 2014) (denying plaintiff's request for the production of emails and phone numbers because such information is sensitive, and putative class members may have provided personal data to defendant with the expectation of confidentiality);

*Page v. Nova Healthcare Mgmt.*, 2013 WL 4782749, *7 (S.D.Tex. Sept.6, 2013) (denying plaintiffs' request for telephone numbers "because of the highly private and sensitive nature of this information" and limiting production to potential plaintiffs' names and last known mailing addresses)

*Humphries v. Stream Int'l, Inc.*, 2004 WL 2656442 (N.D. Tex. Feb. 13, 2004) (declining to order defendants to produce the last four digits of class members' Social Security numbers because "[t]his highly personal information about persons who may in fact have no interest in this litigation should not be disclosed on the thin basis that [plaintiffs'] counsel desires it.");

*Lopez v. Bombay Pizza Co.*, 2012 WL 5397192, *3 (S.D. Tex. 2012) (declining to order defendant to produce social security numbers, telephone numbers, dates and locations of employment, and nature of employment);

*Delgado v. Ortho-McNeil*, 2007 WL 2847238, *3 (C.D. Cal., Aug. 7, 2007) ("[T]he Court agrees with Defendants that production of telephone numbers, email addresses, and social security numbers is inappropriate. Notice will be distributed by mail only, and counsel may gather the necessary contact information from anyone who elects to participate in the action by responding to the mailed notice.");

*Behnken v. Luminant Min Co.*, LLC, 997 F. Supp.2d 511, 526 (N.D. Tex. 2014) (granting request for names and last known addresses, but denying request for telephone numbers based on privacy);

*Altiep v. Food Safety Net Svs., Ltd.*, 2014 WL 4081213, *6 (N.D. Tex. 2014) (denying request for phone numbers and emails); *Rousseau v. Frederick's Bistro, Ltd.*, 2010 WL 1425599, *3 (W.D. Tex. 2010) (ordering production of names and last known addresses, but not requiring production of telephone numbers as requested by Plaintiff);

*Steinberg v. TD Bank, N.A.*, 2012 WL 2500331, *10 (D.N.J. June 27, 2012) (denying request for telephone numbers, social security numbers and dates of employment absent a showing that notice by mail was insufficient);

*Taylor v. Autozone, Inc.*, 2011 WL 2038514, *5 (D. Ariz., May 24, 2011) ("in the interest of protecting class members' privacy, [court] [did] not order defendant to provide telephone numbers and social security numbers. Such information is sensitive, and putative class members may have provided personal data to defendant with the expectation of confidentiality.");

*Stickle v. SCI-Western Market Support Center*, 2009 WL 3241790, *7 (D. Ariz., Sept. 30, 2009) (supplying "the phone numbers of thousands of Defendants' current and former employees seems like a needless intrusion into the privacy of these individuals and their families.... Similarly, Plaintiffs are not entitled to any social security numbers.");

*Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3 (D.D.C. 2010) (denying request for phone numbers where plaintiffs have not justified need for access to this information);

*Alexander v. Caraustar Industries, Inc.*, 2011 WL 2550830, * 3 (N.D. Ill. June 27, 2011) (denying request for email addresses and phone numbers, as email addresses could be modified and redistributed and phone numbers were private);

*Aguilar v. Complete Landsculture, Inc.*, No. 3:04CV0776D, 2004 WL 2293842, *3 (N.D. Tex. Oct.7, 2004) (limiting discovery of putative class members' contact information to names and addresses);

*Earl v. Norfolk State Univ.*, 2014 WL 6608769, *8 (E.D. Va., Nov. 18, 2014) (denying plaintiff's request for email addresses and phone numbers of class members and further ordering that planitiff's counsel not disclose home addresses of class members to the named plaintiffs)

*Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F.Supp.2d 200, 201 (N.D.N.Y.2009) ("[P]laintiffs have no need for the additional, inherently private information sought, including e-mail addresses, telephone numbers, social security numbers, and dates of birth."). Although dates of birth, social security numbers, email addresses and phone numbers, may an appropriate subject for discovery with respect to individuals who ultimately decide to join this action, it is wholly inappropriate to turn over this information with respect to any individuals who have yet to join this action and who have not consented to the release of their confidential information. Indeed, it would be nothing short of reckless to turn over this confidential information because if it falls into the wrong hands could be used for identity theft.");

*Fengler v. Crouse Health Found., Inc.*, 595 F.Supp.2d 189, 198 (N.D.N.Y.2009) (declining to order email addresses, phone numbers, social security numbers, and dates of birth because this information is "inherently private");

*Houston v. URS Corp.*, 591 F.Supp.2d 827, 836 (E.D.Va.2008) (denying plaintiffs' request for phone numbers);

*Frebes v. Mask Restaurants, L.L.C.*, 2014 WL 1848461, *7 (N.D. Ill. 2014) (denying requests for phone numbers and email addresses due to the privacy rights of individuals who have yet to join the lawsuit);

*Calderon v. Geico-General Ins. Co.*, 2011 WL 98197, * (D. Md., Jan. 12, 2011) (declining to authorize disclosure of social security numbers, phone numbers, and dates of birth based on privacy concerns)'

*Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 215 (S.D. Ohio 2011) (ordering production of class members' addresses phone numbers, email addresses, and dates of employment, but refusing to order defendant to produce telephone numbers and social security numbers, noting that plaintiffs had failed to justify their need for said information).

Defendants note that Plaintiff's proposed Consent Form includes spaces for the opt-ins to provide all of their contact information, including phone numbers and email addresses. Thus, Plaintiff's counsel will receive this information with respect to any class members who opt-in. Moreover, once individuals have opted-into the lawsuit, Defendant San Antonio Men's Club will have an obligation to provide the information in its files pertaining to the opt-ins.

5

There is an additional, and equally-compelling reason, for the Court to reject Plaintiff's request for phone numbers for all opt-ins. The obvious question, not adequately addressed by any of the decisions cited by Plaintiff, is why class counsel in a collective action really needs the class members' phone numbers. Although the answer is ostensibly to ensure that as many class members as possible receive notice, the question becomes how the provision of phone numbers would further this goal. The answer must be that class counsel intends on calling the phone numbers. Otherwise, the phone numbers would, as a practical matter, be of little value or use.

The problem with this is that the Texas Disciplinary Rules of Professional Responsibility expressly prohibit solicitation. Rule 7.03(a) states in relevant part:

> A lawyer shall not by in-person contact, or by regulated telephone or other electronic contact as defined in paragraph (f), seek professional employment concerning a matter arising out of a particular occurrence or event, or series of occurrences or events, from a prospective client or nonclient who has not sought the lawyer's advice regarding employment or with whom the lawyer has no family or past or present attorney-client relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain.

Moreover, under paragraph (f) of the same rule, "regulated telephone or other electronic contact" means any electronic communication initiated by a lawyer or by any person acting on behalf of a lawyer or law firm that will result in the person contacted communicating in a live, interactive manner with any other person by telephone or other electronic means."

Although Defendants anticipate that Plaintiff will argue that the contacts would simply be to obtain the class members' addresses, and not for solicitation, one can easily imagine how the even the most well-meaning communication could easily devolve into an improper solicitation. That is, when the lawyer or his representative asks the class member for her address, the natural question in response is "who are you and why do you want my address?" The improper solicitation then becomes virtually inevitable.

Moreover, the whole purpose of the court-approved certification process is for the court to maintain control over the process by which putative class members are given notice of, and allowed to join the lawsuit. That is why the district court must not only certify that a class is appropriate but also the substance of the notice document itself. Westlaw is replete with cases where the district courts parse the language in notice forms submitted by the parties, ruling on proposed clauses and objections. Indeed, the Supreme Court has made manifestly clear that a district court has a managerial responsibility to oversee the process by which putative class members are given notice of, and allowed to join, a Section 216(b) collective action. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Court supervision of any notice issued to putative class members is necessary because "the potential for misuse of the class device, as by misleading communications, may be countered by court-authorized notice." *Id.* at 171.

For essentially these reasons, some courts have prohibited plaintiff's counsel from communicating with potential class members regarding the subject of joining this action unless the potential plaintiff communicates with them first and consents to further communication. *See Updite v. Delta Beverage Group, Inc.*, 2006 WL 3718229, at *5 (W.D. La. Dec.15, 2006); *Hipp v. Liberty Nat'l Life Ins. Co.*, 164 F.R.D. 574, 576 (M.D. Fla. 1996). This is because once "[the c]ourt has approved of a communication to potential opt-in class members," "[o]ther communications from [the parties] during the pendency of the notice period may cause confusion or undermine the authority of the Court-approved communication." *Jackson v. Papa John's USA, Inc.*, 2009 WL 650181, *2 (N.D. Oh. Mar. 10, 2009); *Ruggles v. WellPoint, Inc.*, 591 F.Supp.2d 150, 164 (N.D.N.Y.2008) ("to bring order and efficiency to the notice process, the court-controlled mechanism should trump any attorney driven notice and resolve any post-

conditional certification notice in favor of the Court's controlled process"; "[f]ailure to limit notification to a single process would be dissonant with the intent of the FLSA statute that the Court play a significant role in prescribing the terms and conditions of communications from the named plaintiffs to the potential members ... on whose behalf the collective action was commenced")).

In a nutshell, if Plaintiff is provided with the class members' phone numbers, then there is risk that the court will lose control over the notice message, and there is a real potential for abuse. This is especially true in a case, such as this one, involving a very large putative class.

Already in this case there have been several individuals who have filed consent forms even though Court-ordered notice has not gone out. One of these is Nicky Nay, who is also an opt-in plaintiff in *Marez v. KHG of San Antonio, L.L.C.*, Civil Action No. 5:14-cv-00585-OLG, another case filed by Plaintiff's counsel against another San Antonio gentlemen's club, Tiffany's Cabaret. It remains unclear precisely how Nay learned of the present lawsuit and ended up opting in prior to the Court approving notice to class members.

Regardless, to maintain the integrity of the court-supervised process, the Court should deny Plaintiff's request for the production of class members' telephone numbers as well as social security numbers.

*Posting of Notice at San Antonio Men's Club*

Plaintiff next argues that the Court should require that the notice be posted in the workplace. Although a number of district courts have approved such requests, other courts have requests to post notices in the workplace where it is not warranted. *E.g., Michael v. Bloomberg, L.P.*, (S.D.N.Y. 2015). In any event, a posted notice would only be seen by current entertainers (along with other current workers), and there is little doubt that the contact information for the

current entertainers is up to date. Thus, there is no need to post a notice in the workplace, as they will receive their own copies of the notice. Moreover, the only place where a notice could be posted where it would only reach the entertainers, and not the employees of San Antonio Men's, would be in the dressing room of the adjoining boutique (Secrets Boutique) that the entertainers use to change clothes. However, this boutique is leased to, and operated by, a third party. It would be inappropriate to order the posting of a notice in a location leased and operated by a third party. *See generally Guzelgurgenli v. Prime Time Specials, Inc.*, 883 F.Supp.2d 340, 358 (E.D.N.Y.2012) ("the Court cannot direct the Defendants to post a notice on property belonging to a party who is not involved in this suit.").

Additionally, all of the current entertainers who would allegedly benefit from the posting of the notice have signed agreements to arbitrate any claims, including specifically FLSA claims, and to waive participation in any collective actions. A true and correct copy of this agreement is attached hereto as Exhibit 1, para 21. Thus, these individuals should be prohibited from participating in this collective action. In this regard, the courts have uniformly held that such arbitration agreements and class/collective action waivers are enforceable. *See Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 296–97 & n. 6 (2d Cir.2013) (determining that the FLSA does not contain a "contrary congressional command" that prevents an employee from waiving his or her ability to proceed collectively and that the FLSA collective action right is a waivable procedural mechanism); *Owen v Bristol Care, Inc.*, 702 F.3d 1050, 1052–53 (8th Cir. 2013) (determining that the FLSA did not set forth a "contrary congressional command" showing "that a right to engage in class actions overrides the mandate of the FAA in favor of arbitration"); *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir.2004) (rejecting the plaintiffs' claim that their inability to proceed collectively deprived them of a substantive right to

proceed under the FLSA because, in *Gilmer*, the Supreme Court rejected similar arguments regarding the ADEA); *Adkins*, 303 F.3d 496, 503 (4th Cir. 2002) (determining that a plaintiff failed to point to any "suggestion in the text, legislative history, or purpose of the FLSA that Congress intended to confer a non-waivable right to a class action under that statute" and that the plaintiff's "inability to bring a class action, therefore, cannot by itself suffice to defeat the strong congressional preference for an arbitral forum"); *Walthour v. Chipio Windshield Repair*, 745 F.3d 1326 (11th Cir. 2014) ("we conclude that the enforcement of collective action waivers in arbitration agreements is also not inconsistent with the FLSA"). Therefore, posting the notice in the workplace would do nothing more than provide a notice to individuals who cannot otherwise participate in this collective action and must instead individually arbitrate any claims against Defendants. After all, participation in a collective action is hardly the only way to vindicate purported rights under the FLSA. If these individuals feel that their rights have been violated and wish to bring their own claims, they can on their own initiative bring their own arbitrations. They do not need a posted invitation to participate in a collective action from which they will be promptly kicked out. This whole exercise would constitute a waste of time, money, and judicial resources, not to mention a court-approved advertisement benefitting class counsel who would otherwise not likely have contact with these individuals.

*Third Party Administrator and Electronic Opt-In*

Plaintiff also petitions the Court permission to use a third party administrator to oversee the opt-in process, and also seeks permission for opt-ins to sign consent forms electronically and to submit them via a third party service called Right Signature.

Plaintiff has provided no reason why the use of a third party administrator is necessary, who the administrator would be, or how specifically it plans to use the third party administrator.

The class counsel has obligations to the Court with respect to the notice process such as ensuring that the notice is served in a timely fashion as ordered by the Court, advising the Court that the notices have been mailed, and then ensuring that the consent forms it receives are filed with the Clerk's Office. No reason has been provided why class counsel cannot undertake and fulfill these obligations themselves. Thus, at least without more details concerning the use of a third party administrator, this request should be denied.

Likewise, no justification has been provided by Plaintiff why class members should be allowed to opt into the case by signing the opt-in form electronically (as opposed to signing the consent form as is traditionally done) and then electronically submitting it without an actual, physical signature to Plaintiff's counsel through Right Signature. This procedure does not seem to have been adopted except in a very few cases. The FLSA itself states that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. Section 216(b). The statute does not provide for the electronic procedure requested by Plaintiff, and Plaintiff provides no reason why class members would be incapable of physically signing a consent form and return it to Plaintiff's counsel or the Court. This is how it has been done, and continues to be done, in thousands of collective actions across this country. If a class member is unwilling to undertake this basic responsibility that is hardly onerous, then one must seriously question whether she should be permitted to join the lawsuit. Regardless, given that Defendants do not have email addresses for the class members, there is no way to ensure that the email addresses and IP addresses used to access Right Signature actually belong to a particular class member. Therefore, Plaintiff's request should be denied.

*Follow-Up Mailing of Notice*

11

Plaintiff also encourages the Court to allow her counsel to send a follow-up notice to class members. Plaintiff has not offered any explanation for why such a follow-up notice is necessary. The goal of the collective action certification process is to ensure notice to class members. It is not to encourage class members to join the action. Because sending a follow-on reminder notice may be taken by class members as encouragement to join, the Court should deny Plaintiff's request as many other courts have done. *E.g., Guzelgurgenli v. Prime Time Specials, Inc.*, 883 F.Supp.2d 340, 358 (E.D.N.Y.2012); *In re Wells Fargo*, 2013 WL 2180014, *3 (S.D. Tex., May 17, 2013) (denying plaintiffs' request for a reminder notice as unnecessary and inappropriate); *Witteman v. Wisconsin Bell, Inc.*, 2010 WL 446033, *3 (W.D. Wis. Feb. 2, 2010) (same); *Knispel v. Chrysler Group LLC*, 2012 WL 553722, *8 (E.D. Mich. Feb. 21, 2012) ("There shall not be any 'reminder notice' provided. Plaintiffs have requested such reminder notices in other cases in this district and those requests have been denied because they are unnecessary and could potentially be interpreted as encouragement by the Court to join the lawsuit."); *Robinson v. Ryla Teleservices, Inc.*, 2011 WL 6667338, *4 n.7 (S.D. Ala. Dec. 21, 2011) (adopting the reasoning in *Witteman* and denying the plaintiffs' request to send a reminder notice to the putative class); *Smallwood v. Illinois Bell Tel. Co.*, 710 F. Supp. 2d 746, 753-54 (N.D. Ill. 2010) (same).

*Plaintiff's Proposed Notice to Prospective Class Members*

Defendants also object to several provisions in Plaintiff's proposed notice to class members. For one, the proposed notice devotes a substantial amount of time explaining why Plaintiff believes that entertainers are/were employees, and not independent contractors. In all fairness, Defendants should be given an equal opportunity to explain their position in the notice and to emphasize that the Court has yet to make any determination regarding the merits of the

case. Otherwise, and as it stands now, class members will be left with the distinct impression that liability is a virtual certainty and that signing up is like finding "free money."

Similarly, to ensure that there is no misunderstanding that the Court has yet to address the merits of the case, the notice should include the following language: "This notice is for the sole purpose of determining the identity of those persons who wish to be involved in the lawsuit. The United States District Court for the [Western District of Texas] expresses no opinion regarding the merits of the Plaintiffs' claims or the defenses of [San Antonio Men's Club or the individual defendants]. There is no assurance at this time that any relief will be granted, nor if granted, the nature and amount of relief." *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 229 (E.D. Mo. 2008); *Perrin v. Papa John's Int'l*, 2011 WL 4815246, *2 (E.D. Mo., Oct. 11, 2011) (citing *Huang*).

Additionally, the proposed notice strongly give the impression that there will be no cost, either in money or time, to prospective class members if they join the action. The proposed notice fails to mention, as it should, that, in the event that Defendants prevail, costs of court may be taxed against them. *E.g., Creten-Miller v. Westlake Hardware, Inc.*, 2009 WL 2058734, at *4 (D. Kan. Jul. 15, 2009) (holding that because "an award of costs to a prevailing defendant in an FLSA case is clearly possible and is not merely theoretical . . . the notice should inform recipients about the possibility that they may be responsible for court costs."); *Harris v. Pathways Comm'ty Behavioral Healthcare, Inc.*, 2012 WL 19064444, *4 (W.D. Mo. May 25, 2012) (requiring notice to advise prospective class members that they may be assessed court costs and expenses if they do not prevail because omission of warning would be misleading) *McKinzie v. Westlake Hardware, Inc.*, 2010 WL 2426310, *4 (W.D. Mo. June 11, 2010) (holding that the notice "must disclose that a plaintiff may be responsible for defendant's costs if

defendant prevails"). The Plaintiff's draft notice actually says that there will be no cost to the class members in the event that they do not prevail. This is inaccurate and should be corrected.

Likewise, the Notice fails to mention that class members may be required to answer discovery, to sit for depositions, and/or to participate in a trial. *See, e.g., Behnken v. Luminant Min. Co., LLC*, 997 F.Supp.2d 511, 524 (N.D.Tex.2014) If these requirements are not disclosed in the notice, then employees may incorrectly believe that they need not do anything other than to sign up in order to receive compensation. *See Heaps v. Safelite Solutions, LLC*, 2011 WL 1325027, *8 (S.D. Ohio, Apr. 5, 2011). If the purpose of the notice is to inform class members of the process, then they should be advised of what they are signing up for.

The proposed Notice is also deficient in that it fails to explain to prospective class members that, if they choose to join, they need not be represented by Plaintiff's counsel and that they may hire their own counsel. *E.g., Tolentino v. C & J Spec-Rent Servs.*, 716 F. Supp.2d 642, 655 (S.D. Tex. 2010); *Snide v. Discount Drug Mart, Inc.*, 2011 WL 5434016, *7 (N.D. Ohio, Oct.7, 2011) ("the notice shall contain a statement indicating that the opt-in plaintiffs are entitled to represented ... by counsel of his or her own choosing").

Next, in the event that the Court determines that entertainers who have signed arbitration agreements and collective action waivers may still opt into this lawsuit, then in all fairness, the notice should state individuals who have signed such agreements may be excluded from the class at a future date. Class members are entitled to know this information, as it may very well affect their decision whether to opt into the lawsuit in the first place. That is, these individuals may determine that they do not wish to join this action if they are going to be dismissed forthwith on account of their agreements. .

Lastly, Defendants object to the underlined and bolded language regarding retaliation in paragraph 4 of Plaintiff's proposed notice. There is no reason to emphasize this language over the remainder of the notice and tacitly suggests that Defendants would want to retaliate against opt-ins. Instead, it is sufficient to state: "Federal law prohibits the San Antonio Men's Club from discharging or in any other manner discriminating against you because you opt into this case, or have in any other way exercised your own rights under the Fair Labor Standards Act." Such a statement is clearly sufficient, and the additional language proposed by Plaintiff is overkill and inflammatory.

## Conclusion

Defendants pray that the Court sustain the objections raised above with respect to Plaintiff's proposed notice to class members. Defendants also pray for all other relief to which it is entitled.

Respectfully submitted,

BY: __/s/ Michael V. Galo, Jr.___
MICHAEL V. GALO, JR.
State Bar No. 00790734
Federal Bar No. 19048
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg 401
San Antonio, Texas 78229
Tel:   210.616.9800
Fax:   210.616.9898
Email: mgalo@galolaw.com
COUNSEL FOR DEFENDANTS
35 BAR & GRILL, L.L.C. AND
IRAKLIS KOUROUMOUSIS


BY:___/s/ Andrew S. Greenwell___
ANDREW M. GREENWELL
State Bar No. 00784170
HARRIS & GREENWELL
One Shoreline Plaza
800 N. Shoreline Blvd., #2800-S
Corpus Christi, Texas  78401
Tel:   361.883.1946
Fax:   361.882.2900
Email: agreenwell@harris-greenwell.com
COUNSEL FOR DEFENDANT
THEODORE DIMOPOUIS

## CERTIFICATE OF SERVICE

    I hereby certify that on the 28th day of August 2015, a true and correct copy of the foregoing document was served on all counsel of record, as follows:

Mr. Rick Prieto  
Mr. Robert R. Debes, Jr.  
Mr. Martin A. Shellist  
Shellist Lazarz Slobin LLP  
11 Greenway Plaza, Suite 1515  
Houston, Texas 77046  
Email: rprieto@eeoc.net  
Email: bdebes@eeoc.net  
Email: mshellist@eeoc.net  

                                                 /s/ Michael V. Galo, Jr  
                                                 MICHAEL V. GALO, JR.  
                                                 ANDREW M. GREENWELL