IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS -
SAN ANTONIO DIVISION

| | |
|---|---|
| LIZBETH LEYVA, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>V.<br><br>35 BAR & GRILL, LLC. d/b/a SAN ANTONIO MEN'S CLUB, IRAKLIS KOUROUMOUSIS, AND THOEDORE DIMOPOULOS,<br><br>    Defendants. | C.A. NO. 5:15-CV-295-FB<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR CONDITIONAL
CERTIFICATION OF A COLLECTIVE ACTION
& AUTHORIZATION FOR NOTICE**

    Defendants do not oppose conditional certification. As such, Plaintiff's Reply will address Defendants' objections in the order listed in their Response.

    Defendants re urge the same arguments routinely made by employers (many times unsuccessfully) seeking to impair the effectiveness of notice in FLSA cases. Indeed, Defendants begin their Response by declaring that their exotic dancers are independent contractors - ignoring the multitude of cases, including the Fifth Circuit,[1] holding that dancers identically situated to Plaintiff and Class Members were employees, not independent contractors.[2]

---

[1] *Reich v. Circle C. Invs. Ltd.,* 998 F.2d 324 (5th Cir. 1993) (dancers are employees).

[2] *See, e.g., Jeffcoat v. State, Dep't of Labor*, 732 P.2d 1073 (Alaska 1987) (dancers are employees); *Martin v. Circle C Invs, Inc.*, MO-91-CA-43, 1991 WL 338239 (W.D. Tex. Mar. 27, 1991) (dancers are employees); *Martin v. Priba Corp.*, CIV.A.3:91-CV-2786-G, 1992 WL 486911 (N.D. Tex. Nov. 6, 1992) (dancers are employees); *Reich v. Priba Corp.*, 890 F. Supp. 586 (N.D. Tex. 1995) (dancers are employees); *Harrell v. Diamond A Entm't, Inc.*, 992 F. Supp. 1343 (M.D. Fla. 1997) (dancers are employees); *Doe v. Cin-Lan, Inc.*, 08-CV-12719, 2008 WL 4960170 (E.D. Mich. Nov. 20, 2008) (dancer substantially likely to be able to prove she's an employee); *Morse v. Mer*

**1.     The proposed class list discovery is essential to ensure timely notice.**

Defendants object to the production of phone numbers, e-mail, and social security numbers. However, the discovery of a mailing list, which includes <u>all contact information in Defendants' possession</u> for Class Members is a necessary component of notice in collective actions. Courts, including those within the Western District of Texas - San Antonio Division,[3] routinely require employers to produce <u>any</u> contact information in their possession for the putative class. Likewise, Defendants in this case should be ordered to produce all contact information within their possession for the putative Class Members, which includes phone numbers, e-mails, and social security numbers. All of the requested information is necessary to allow Plaintiff sufficient information to confirm current addresses and/or to locate those persons who may have moved from their last known addresses. Production of all known personal and business e-mail addresses is particularly important because such contact information does not change when a person moves. Without this information, the notices are more likely to be returned due to outdated or inaccurate addresses. This in turn will result in Plaintiff requesting an extension of the opt-in period to accommodate those class members, thereby delaying the timely resolution of this matter. Defendants have indicated they do not possess e-mail addresses for Class Members, which makes the production of other information like phone numbers and

---

*Corp.*, 1:08-CV-1389-WTL-JMS, 2010 WL 2346334 (S.D. Ind. June 4, 2010) (dancers are employees); *Clincy v. Galardi S. Enterprises, Inc.*, 808 F. Supp. 2d 1326, 1329 (N.D. Ga. 2011) (dancers are employees); *Thompson v. Linda And A., Inc.*, 779 F. Supp. 2d 139 (D.D.C. 2011) (dancers are employees); *Thornton v. Crazy Horse, Inc.*, 3:06-CV-00251-TMB, 2012 WL 2175753 (D. Alaska June 14, 2012) (dancers are employees); *Milano's, Inc. v. Kansas Dep't of Labor, Contributions Unit*, 293 P.3d 707 (Kan. 2013) (dancers are employees); *Hart v. Rick's Cabaret Int'l, Inc.*, 09 CIV. 3043 PAE, 2013 WL 4822199 (S.D.N.Y. Sept. 10, 2013), reconsideration denied (Nov. 18, 2013) (dancers are employees).

[3] *See Marez, et al v. KHG of San Antonio, L.L.C. d/b/a Tiffany's Cabaret, et al*; Civil Action No. 5:14-cv-00585-OLG-HJB, (W.D. Tex. Nov. 26, 2014). Doc. No. 79 - Report and recommendation adopted on December 11, 2014 (Doc. No. 82) (conditionally certifying class of exotic dancers claiming denial of wages and ordering that **"Defendants are required to provide Plaintiffs…with any potential class member's contact information that is in Defendants' possession**.)(Emphasis added).

social security numbers even more important. Providing social security numbers allows Plaintiff to track and obtain mailing addresses for those individuals whose notice letter is returned due to outdated or inaccurate addresses. In addition, providing phone numbers allows Plaintiff to verify the accuracy of the list (and mailing addresses) by contacting former employees to determine if they are aware of anyone who was subject to the same payroll practice, but whose name was omitted from the list. Moreover, any "privacy concerns" Defendants may have can be alleviated through the entry of a Protective Order.

Defendants spend a considerable amount of time arguing that Plaintiff and its counsel *may* or *could* use contact information inappropriately to foment litigation in violation of the ethical rules and/or the collective action mechanism. However, Defendants do not provide the Court with any actual evidence that would lead it to believe that Plaintiff's counsel would violate the ethical rules or circumvent the Court's authority in this collective action. Defendants' baseless accusations are insufficient to deny Plaintiff and her legal counsel the putative Class Members' contact information, which includes phone numbers and social security numbers.[4] Plaintiff has repeatedly represented that all contact information for the putative Class Members is being sought for the purposes of effectuating notice, which in some instances may require locating witnesses. For these reasons, Defendants' objection should be denied.

**2.    Posting is an appropriate method of notice in this case.**

Posting notice in a workplace is often used to inform employees of their rights in labor disputes, *Hoffman Plastic Compounds, Inc. v. NLRB*, 525 U.S. 137, 152 (2002), and has been

---

[4] *Bravo v. Keys Prop. Mgmt. Enter., Inc. d/b/a Keys Enter, et al*, No. Civ. A. 4:11-cv-03966, Doc. No. 29 (S.D. Tex. May 15, 2012)(Judge Stephen Wm Smith)(compelling defendants to produce a class list and rejecting employers' argument that plaintiff will use the information inappropriately).

approved as an appropriate form of notice in FLSA cases. *E.g*, *Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *9 (W.D. Tex. Mar. 31, 2015); *Barajas v. Acosta*, No. H-11-3862, 2012 WL 1952261, at *4 (S.D. Tex. May 30, 2012); *Garcia, et al v. TWC Administration LLC d/b/a Time Warner Cable*; Civil Action No. 5:14-985-DAE; Doc. No. 26 (W.D. Tex. April 16, 2015). Given the likelihood that Defendants' records are inadequate to supply contact information on each member of the proposed class, Plaintiff requests that notice be prominently posted at Defendants' place of business (the exotic dancers' dressing room). Defendants argue that they lease the dressing room used by its exotic dancers from a "third party," and therefore posting at this location is inappropriate. Defendants admit, however, that notice at this location would **only** reach the Class Members. Defendants fail to show how posting notice in the exotic dancers' dressing room, a location they have control over and provide **only** to its exotic dancers away from customers and other club employees would cause undue burden, reputational harm, or other adverse impact on its business. As such, Defendants' objection should be denied and notice should be posted in the exotic dancers' dressing room.[5]

Additionally, Defendants argue that posting notice is unnecessary as "all of the current entertainers who would allegedly benefit from the posting of the notice have signed arbitration agreements…" This is nothing more than a backdoor attempt by Defendants to argue the merits and their defenses, which is inappropriate at the conditional certification stage. Indeed, Defendants cite to no opinion holding otherwise and instead refer to case law commonly cited in support of a motion to compel arbitration – not a response to conditional certification.

---

[5] *See Garcia, et al v. TWC Administration LLC d/b/a Time Warner Cable*; Civil Action No. 5:14-985-DAE; Doc. No. 26 at Pg. 13 (W.D. Tex. April 16, 2015).

First, Defendants have failed to show that "all (**or any**) of the current entertainers who would allegedly benefit from the posting of the notice have signed arbitration agreements…" That is, Defendants provide the Court with **one** blank arbitration agreement – no signature, no initials…nothing. Notably, Defendants have not provided the Court (or Plaintiff's counsel) with an arbitration agreement signed by the named Plaintiff or any current opt-in Plaintiff during the applicable three year period. However, even if that was the case, it would be of no moment at the conditional certification stage.

The issue of whether an arbitration agreement should prevent class certification under the FLSA is neither novel nor unique. Courts have addressed this issue and have held that class certification and notice are proper even though the putative class members may have signed arbitration agreements. *See Villatoro v. Kim Son Restaurant*, 286 F. Supp. 2d 807, 808 (S.D. Tex. 2003). In *Villatoro*, Judge Atlas certified an FLSA collective action despite the fact that some class members signed arbitration agreements. *See Id*. at 811. Judge Atlas did not find that the existence of the arbitration agreement warranted denying class certification or restricting the number of class members. *Id*. In fact, Judge Atlas stated as follows:

> Defendant, further, raises issues about the effect of its recently implemented arbitration policies and newly signed arbitration/release agreements. **Most, if not all of these objections, go to the merits of the action or the forum in which these claims ultimately should be resolved, not whether notice to potential claimants should be given.** These arguments will be addressed in due course once the identity of potential class members is determined.

*Id*. (emphasis added).

5

Additionally, in *Ali v. Sugarland Petroleum*, Judge Ellison noted that the existence of an arbitration agreement is not grounds to deny or restrict class certification under the FLSA. *Ali v. Sugarland Petroleum*, 2009 WL 5173508 at *4 (S.D. Tex. Dec. 22, 2009).

> **Defendants also object to certification because certain employees signed arbitration agreements prohibiting them from joining an FLSA collective action suit. (Defs.' Resp. to Pl.'s Class Notice and Expedited Disc. 7, 15–18.) Defendant argues that notice to this group of employees would be improper, since the arbitration policy bars them from opting in on this suit. For the same reasons given above, the Court refuses to consider this merits-based argument until discovery is complete.** *See Kuperman v. ICF Int'l,* 2008 WL 4809167, at *8 (E.D.La.2008) (refusing to consider, at the notice stage, question of whether some potential opt-in plaintiffs properly waived their right to sue). The Court will make the determination at the conclusion of discovery, when it may properly analyze the validity of the arbitration agreement.

*Id.* (emphasis added).

In another Texas FLSA case, Judge Smith held that "Plaintiffs are entitled to know the identity of all potential class members, to provide notice, and to determine through discovery whether any plaintiff who opts-in is subject to a valid arbitration agreement. Defendant's objection "go[es] to the merits of the action or the forum in which these claims ultimately should be resolved, not whether notice to potential claimants should be given" *Hanson v. Carmin Cargo Control, Inc.,* No. Civ. A. 4:13-cv-00027, at pg.4 (S.D. Tex. August 9, 2013) (citing to *Villatoro v. Kim Son Restaurant,* 286 F. Supp. 2d 807, 811 (S.D. Tex 2003); *also citing to Ali v. Sugarland Petroleum*, Civil Action No. 4:09-cv-O170, 2009 WL 5173508 *4 (SD. Tex. 2009)). Likewise, in a recent Western District of Texas - San Antonio Division FLSA case involving

exotic dancers, Judge Bemporad held that class certification and notice are proper even though the putative class members may have signed arbitration agreements.[6]

Other federal courts outside of Texas have also followed this approach. In *D'Antuono v. C & G of Groton, Inc.*, 2011 WL 5878045 (D. Conn. Nov. 23, 2011), a case involving the misclassification of exotic dancers as independent contractors under the FLSA, the court stated that it found the existence of arbitration agreements "immaterial to the question of class certification." *Id.* at *4. Further, the court held that the arbitration agreements "should not prevent class certification . . . the potential class members are all alleged to have held similar positions." *Id.*

Similarly, in *Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811 (W.D. Mo. 2005), the employer sought to prevent class certification by relying upon the existence of an arbitration agreement. *Id*. at 817-18. The defendant argued that conditional certification would be improper because most of the class members signed arbitration agreements. *Id*. The *Davis* Court rejected this argument and found that for an FLSA collective action, it is proper for a court to certify collective actions even though putative class members may have executed arbitration agreements. *Id.* at 818; *see also Whittington v. Taco Bell of America, Inc*., 2011 WL 1772401 (D. Col. May 10, 2011). Thus, it is clear that the existence of an alleged arbitration agreement, especially one which the Court has yet to rule upon, is no stumbling block to class notice in FLSA collective actions or the production of a complete class list.

---

[6] *See Marez, et al v. KHG of San Antonio, L.L.C. d/b/a Tiffany's Cabaret, et al*; Civil Action No. 5:14-cv-00585-OLG-HJB, (W.D. Tex. Nov. 26, 2014). Doc. No. 79 - Report and recommendation adopted on December 11, 2014 (Doc. No. 82).

3. **The use of online electronic signature opt-in forms and a third party administrator ensures "timely, accurate, and informative" notice to Class Members.**

   A. *Use of online electronic signature opt-in forms*.

   Texas courts have allowed the use of electronic signature opt-in forms in FLSA collective actions.[7] Electronic signature opt-in forms are efficient, direct, reliable, and in many cases less expensive and burdensome than other traditional methods of notice used in FLSA actions. Regardless, Defendants object to the use of electronic alternatives, but fail to cite to any authority in support of their position. Furthermore, Defendants argue that only plaintiffs who hand sign and mail their consent forms are entitled to join a collective action. That is, *according to Defendants*, if a plaintiff chooses to participate in this case electronically, "then one must seriously question whether she should be permitted to join the lawsuit." Defendants, however, have enjoyed the convenience of technology and have filed every single one of their pleadings via the Court's electronic case filing system.[8] Plaintiff is simply requesting that the Court grant the Class Members access to similar electronic convenience should they decide to join this lawsuit.

   Defendants also attempt to impair the opt-in mechanism by painting a grim picture of electronic signature opt-in forms. Defendants' argument regarding the possibility of fraudulent electronic signatures is equally possible (and equally remote in possibility) for hand signed consent forms. Defendants, however, do not mention this and only attack electronic signatures. Why? Because electronic documents are more likely to reach a larger number of putative Class

---

[7] *See Jones v. JGC Dallas LLC*, 2012 WL 6928101, at *5 (N.D. Tex. Nov. 29, 2012) (In an FLSA case involving exotic dancers - "Class members should be provided the option of executing their consent forms online via an electronic signature service.").

[8] The parties have also agreed to serve pleadings, including discovery, via e-mail.

Members. If Defendants truly believe a consent form is fraudulent, they can challenge its validity post conditional certification. However, without any evidence to support that an actual fraud is likely to occur, Defendants' objection should be denied.

### B. *Use of a third party administrator*.

Plaintiff's counsel will oversee the mailing (both regular mail and electronic mail) of such notices and pay the up-front charges for same (postage, copying, etc.). Further, Plaintiff's counsel requests that it be permitted to hire, **if necessary**, a third party class action administration company to conduct the actual mailing (both regular mail and electronic mail) of the notice and forms if it deems appropriate. The use of a third party administrator allows for the effective handling of notice to a large group of putative plaintiffs in a timely and cost effective manner. Here, Defendants indicate that the class of putative plaintiffs is large and exceeds 1,000 individuals. This is the kind of FLSA case, which is likely to require a third party administrator with resources available to disseminate notice to a large group of individuals in a timely manner consistent with the Court's order. By taking away this option from Plaintiff's counsel, Defendants hope to further impair the notice mechanism in this collective action.

**4.     A follow-up mailing effectuates timely notice to all putative class members.**

The point of sending out notice to Class Members is for them to receive it, become aware of the pending litigation, and make a decision regarding joining the case. Plaintiff's counsel has litigated hundreds, if not thousands, of FLSA collective actions. In many of these cases putative class members have contacted class counsel wanting to join after the opt-in deadline passed. The reasons vary, but are usually related to misplacing the original notice letter or forgetting the court mandated opt-in deadline. A second "reminder notice" is likely to reduce these occurrences.

This in turn will result in Plaintiff not having to request an extension of the opt-in period to accommodate those class members, thereby avoiding a delay in the timely resolution of this matter.

**5.    Plaintiff's proposed court-approved notice and consent form to the potential opt-ins is "timely, accurate, and informative."**

Plaintiffs' proposed notice and consent form is "timely, accurate, and informative," as required under *Hoffmann-La Roche*. It provides accurate notice of the pendency of the action and of the opportunity to opt in. Potential opt-ins are advised that they are not required to participate. Further, potential opt-ins are advised that the Court has not made a decision on the merits, or that any recovery is guaranteed. Defendants' transparent attempt to overload this notice with misleading information is designed to "chill" participation by putative class members. An effective notice must balance the need to fully inform the Class Members, while avoiding confusion and/or indirect "threats" to the putative class members who are deciding whether to participate. Defendants' proposed notice and consent form does just that, confuse the issues and threaten economic penalties, and as a result will "chill" participation by Class Members. Defendants seek to inject premature merits based arguments concerning the possibility of arbitration. Further indicative of their true motive, Defendants seek to remove or take away emphasis from its obligation not to retaliate against putative class members – one of, if not THE most significant consideration in the minds of the putative class when deciding to join a collective action.

For these reasons, Plaintiff prays that the Court GRANT her motion for conditional certification in its entirety and that it DENY Defendants' objections. Plaintiff prays for any other relief she may be entitled to in law or in equity.

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Ricardo J. Prieto*
    MARTIN A. SHELLIST
    Texas Bar No. 00786487
    mshellist@eeoc.net
    ROBERT R. DEBES, JR.
    Texas Bar No. 05626150
    bdebes@eeoc.net
    RICARDO J. PRIETO
    Texas Bar No. 24062947
    rprieto@eeoc.net
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

    ATTORNEYS FOR PLAINTIFF &
    CLASS MEMBERS

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on August 31, 2015 to all counsel of record.

    /s/ *Ricardo J. Prieto*
    Ricardo J. Prieto