IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LIZBETH LEYVA, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | | |
| VS. | § § § | CIVIL NO. SA-15-CA-0295-FB |
| 35 BAR & GRILL, LLC d/b/a SAN ANTONIO MEN'S CLUB, IRAKLIS KOUROUMOUSIS and THOEDORE DIMOPOULOS, | § § § § § | |
| Defendants. | § | |

## ORDER GRANTING MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND ORDER REFERRING CASE TO UNITED STATES MAGISTRATE JUDGE PAMELA A. MATHY FOR ALL REMAINING PRETRIAL MATTERS

Before the Court is Plaintiff's Motion to Conditionally Certify Collective Action and Authorization for Notice & Request for Expedited Ruling on Same filed August 14, 2015 (docket #20), Defendants' Joint Response to Plaintiff's Motion for Conditional Certification and Expedited Discovery filed August 28, 2015 (docket #23), and Plaintiff's Reply in Support of Her Motion for Conditional Certification of a Collective Action & Authorization for Notice filed August 31, 2015 (docket #24). In her motion, plaintiff seeks conditional certification and court-facilitated notice of her collective action pursuant to section 216(b) of the Fair Labor Standards Act (FLSA). Given the lenient standard for conditional certification, defendants do not oppose the conditional certification of "a class of entertainers who have performed at the San Antonio Men's Club during the three years preceding the Court's certification of a class." Defendants do, however, object to some of plaintiff's discovery requests and notice provisions. Therefore, this Court will grant plaintiff's unopposed

conditional certification request and refer all remaining pretrial matters, including the objections to plaintiff's discovery requests and notice provisions, to the United States Magistrate Judge assigned to this case.

As set forth in the Order for Scheduling Recommendations and Advisory Concerning Magistrate Judge Assignment filed in this case on May 27, 2015, (docket #8), the San Antonio District Judges have implemented a procedure whereby a Magistrate Judge is assigned to each civil case at the time it is filed. The assignments are made randomly and are evenly divided among the three San Antonio Magistrate Judges. If a pretrial matter is referred by the District Judge, it will be handled by the Magistrate Judge to whom the case was assigned. Similarly, if the parties consent to Magistrate Judge jurisdiction, the case will be placed on the docket of the assigned Magistrate Judge for all future proceedings, including entry of judgment. The Magistrate Judge assigned to this case is the Honorable Pamela A. Mathy.

The Court has considered the status of the above-styled and numbered cause. In accordance with the authority vested in the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Local Rules For Assignment Of Duties To United States Magistrate Judges, the instant action is hereby REFERRED to United States Magistrate Judge Pamela A. Mathy for disposition of all remaining pretrial matters including, the discovery and notice issues currently pending, and any request for injunctive relief.

I. MATTERS REFERRED

This reference confers the following duties upon the Magistrate Judge to whom this case is assigned, the parties and their counsel:

(1) The Magistrate Judge has discretion to issue a scheduling order (if applicable) in this case and to extend or otherwise modify deadlines in the scheduling order upon a showing of good cause;

however, once the Magistrate Judge has ruled on any matter, objections to and/or appeals from the Magistrate Judge's rulings shall not be considered good cause for the extension of any deadline.

(2) The Magistrate Judge shall determine whether the parties to the case are amenable to alternative dispute resolution, including mediation, non-binding arbitration, and trial before a Magistrate Judge, and shall make the appropriate referral orders to accomplish these objectives.

(3) The Magistrate Judge shall rule on all pretrial motions, pursuant to 28 U.S.C. § 636(b)(1)(A). Where the Magistrate Judge's authority to make rulings is limited by statute, a recommendation to this Court shall be made in lieu of an order, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), unless all parties consent that the Magistrate Judge may rule on such otherwise exempt matters, pursuant to 28 U.S.C. § 636(c)(1).

(4) Unless the parties have consented to proceed to trial before the Magistrate Judge in accordance with Paragraph (2), *supra,* the Magistrate Judge shall return the case to this Court upon the expiration of all Scheduling Order deadlines and the ruling and/or filing of recommendations on all pretrial motions pending at the time the Scheduling Order deadlines expire.

## II. MATTERS NOT REFERRED

This reference includes any pretrial matter not specifically mentioned above; however, this reference does not include the following:

Settlement Agreements. Should the parties reach a settlement of this case, they should contact the chambers of the undersigned judge in writing or telephonically. Upon being informed of a settlement, this Court will enter such orders as it finds proper to resolve the case.

## III. OBJECTIONS AND APPEALS

Appeals from the Magistrate Judge's orders and objections to the Magistrate Judge's recommendations shall be made in compliance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and Rule 4 of Appendix C to the Local Court Rules of the United States District Court for the Western District of Texas. Such objections and appeals shall be limited to issues first raised before the

Magistrate Judge; failure to bring any defect in any order or recommendation to the attention of the Magistrate Judge prior to raising the issue before this Court shall be deemed a waiver of issue.

## IV. CONDITIONAL CERTIFICATION

As set forth above, the defendants do not oppose the conditional certification of a class in this case. Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion to Conditionally Certify Collective Action (docket #20) is GRANTED such that the Court hereby conditionally CERTIFIES this cause as a collective action pursuant to 29 U.S.C. 216(b) with respect to all current and former exotic dancers who have performed at the San Antonio Men's Club during the three years preceding the date of this order, the date this Court has certified the class. The issues concerning plaintiff's discovery requests and notice provisions remain pending and will be addressed by United States Magistrate Judge Mathy. Plaintiff's Request for Expedited Ruling is dismissed as moot.

It is so ORDERED.

SIGNED this 10th day of September, 2015.

_____
FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE