UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LIZBETH LEYVA,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>35 BAR & GRILL, LLC d/b/a SAN<br>ANTONIO MEN'S CLUB, IRAKLIS<br>KOUROUMOUSIS, and THEODORE<br>DIMOPOULOS,<br><br>    Defendants. | CIVIL NO. SA-15-CA-295-FB |

**ORDER**

    Came on this day to be considered:

- plaintiff Lizbeth Leyva's ("plaintiff") motion to authorize notice to class members, with request for discovery, filed August 14, 2015;[1]

- defendants 35 Bar & Grill, LLC d/b/a San Antonio Men's Club, Iraklis Kouroumousis, and Theodore Dimopolous's (collectively, "defendants") response, filed August 28, 2015;[2] and

- plaintiff's reply, filed August 31, 2015.[3]

On September 10, 2015, Chief Judge Biery referred this case to the undersigned for pretrial

---

[1] Docket no. 20. Plaintiff's motion was filed as a combined motion to conditionally "certify" the collective action and authorize notice to class members. On September 10, 2015, Chief Judge Biery granted plaintiff's motion to conditionally "certify" the collective action, and referred to the undersigned the remaining aspects of plaintiff's motion concerning discovery and notice at the time of referring the case to the undersigned for pretrial management. Docket no. 26.

[2] Docket no. 23.

[3] Docket no. 24.

management.[4]

## I. JURISDICTION

Plaintiff alleges federal subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA").[5]

## II. SUMMARY OF PROCEDURAL HISTORY, CLAIMS AND ARGUMENTS

Plaintiff initiated this proceeding on April 16, 2015, by filing her original complaint, on behalf of herself individually "and others similarly situated," naming as defendants 35 Bar & Grill, LLC. d/b/a San Antonio Men's Club, Iraklis Kouroumousis, and Theodore Dimopolous ("defendants"), and asserting violations of the FLSA.[6] Plaintiff states the lawsuit "is a collective action" and alleges plaintiff "did not receive the FLSA mandated minimum wage for all hours worked nor did she receive time and a half her regular rate for each hour worked over 40 each week."[7]

In support of her assertion of violations of the FLSA, plaintiff alleges defendants, at all material times, were "employer[s] within the meaning of 3(d) of the FLSA" who owned an "adult entertainment club" ("San Antonio Men's Club") at which plaintiff "worked . . . as an exotic dancer from on or about October 2007 through April 2015."[8] Plaintiff alleges "Defendants

---

[4] Docket no. 26 (Sept. 10, 2015).

[5] Docket no. 1 at 1 (original complaint).

[6] Id. at 1.

[7] Id. at 1, 2. Plaintiff attaches to her complaint her notice of written consent to be a party plaintiff in the lawsuit. Id., exhibit A.

[8] Id. at 1, 2, 3.

refused to compensate her whatsoever for any hours worked," that her "only compensation came in the form of tips from club patrons" and "Plaintiff was required to divide her tips with Defendants and other employees who do not customarily receive tips," and consequently "Defendants have failed to compensate Plaintiff at the federal mandated minimum wage and overtime rate."[9] Plaintiff describes the proposed class as follows:

> The Class Members are all of Defendants' current and former exotic dancers from any time starting three years before this Complaint was filed up to the present.[10]

As relief, plaintiff seeks "[o]vertime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate," "[a]ll unpaid wages at the FLSA mandated minimum wage rate," "[a]ll misappropriated tips," "[a]n equal amount of all owed wages as liquidated damages as allowed under the FLSA," and attorney's fees.[11] Plaintiff demands a jury.[12]

On April 20, 2015, Lydia Ortiz filed a notice of consent to become a party plaintiff in the lawsuit.[13] On May 25, 2015, defendants 35 Bar & Grill, LLC and Iraklis Kouroumousis filed an answer to plaintiff's original complaint.[14] On June 8, 2015, defendant Theodore Dimopoulos filed an answer.[15] On July 31, 2015, the Chief District Judge entered a scheduling order that, among other deadlines, provided that motions to amend pleadings or add parties must be filed by

---

[9] Id. at 2.

[10] Id. at 15.

[11] Id. at 20.

[12] Id. at 19.

[13] Docket no. 4.

[14] Docket no. 7.

[15] Docket no. 12.

September 22, 2015; discovery must be completed by February 29, 2016; and dispositive motions must be filed by March 31, 2016.[16]

On August 14, 2015, plaintiff filed an opposed combined motion to conditionally "certify" the collective action and authorize notice to class members,[17] tendering a proposed class notice[18] and consent form,[19] and arguing notice should be delivered by "regular mail, e-mail, and by posting.[20] On August 21, 2015 and August 24, 2015, Nicky Nay and Synthia Merrill filed notices of consent to become a party plaintiff in the lawsuit, respectively.[21]

On August 28, 2015, defendants filed a joint response to plaintiff's motion to conditionally "certify" the collective action and authorize class notice.[22] In sum, defendants argue they "do not oppose the conditional certification of a class of entertainers who have performed at the San Antonio Men's Club during the three years preceding the Court's certification of a class," but they do "object to the Plaintiff's request for . . . all known phone numbers and social security numbers of all class members" and further object to certain proposed

---

[16] Docket no. 17 at 1-2.

[17] Docket no. 20.

[18] Docket no. 23, exhibit A ("proposed notice").

[19] Id., exhibit B (consent form).

[20] Id. at 19.

[21] Docket nos. 21, 22.

[22] Docket no. 23.

class notice provisions.[23] On August 31, 2015, plaintiff filed a reply.[24] On September 10, 2015, the District Court entered an order granting conditional class "certification" but "refer[ring] all remaining pretrial matters, including the objections to plaintiff's discovery requests and notice provisions, to the United States Magistrate Judge[.]"[25]

### III. STANDARD

The FLSA authorizes employees to "bring a private cause of action on their own behalf and on behalf of 'other employees similarly situated' for specified violations of the FLSA," including violations of the "federal minimum-wage, maximum-hour, and overtime guarantees."[26] But similarly situated employees "do not become plaintiffs in the action unless and until they consent in writing to the collective action."[27] "Thus, a plaintiff represents only himself until other employees affirmatively opt in to the collective action."[28]

In the Fifth Circuit, collective actions typically proceed in two stages, the notice stage and the "opt-in," "merits" or "decertification" stage.[29] First, in the notice stage, the Court decides, "usually based on the pleadings and affidavits of the parties, whether to provide notice to fellow

---

[23] Id. at 2.

[24] Docket no. 24.

[25] Docket no. 26 at 1-2.

[26] Genesis Healthcare Corp. v. Symczk, — U.S. —, 133 S.Ct. 1523, 1527 (2013).

[27] Sandoz v. Cingular Wireless, LLC, 553 F.3d 913, 915 (5th Cir. 2008).

[28] Alvarez v. Amb-Trans Inc., No. SA-11-CV-179-XR, 2012 WL 4103876, at *9 (W.D. Tex. Sept. 17, 2012) (citing Sandoz, 553 F.3d at 919).

[29] See Sandoz, 553 F.3d at 915 n.2; Casanova v. Gold's Texas Holdings Grp., Inc., No. SA:13-CV-1161-DAE, 2014 WL 6606573, at *1 (W.D. Tex. Nov. 19, 2014); Alvarez, 2012 WL 4103876, at *9.

5

employees who may be similarly situated to the named plaintiff, thereby conditionally certifying a collective action."[30] Plaintiff "bears the burden at the notice stage" and "must provide competent evidence to show that a similarly situated group of potential plaintiffs exists."[31] The standard at the notice stage "requires nothing more than substantial allegations that the putative class members were victims of a single decision, policy or plan."[32] The notice standard is a lenient standard, requiring "a minimal showing by the plaintiff that (1) there is a reasonable basis for crediting plaintiff's assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant aspects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit."[33] "Courts who have faced the question of whether movants have established substantial allegations have considered factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted."[34]

> Under the FLSA . . . 'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, see Hoffmann-La Roche Inc., supra, [493 U.S. 165,] at 171-72, 110 S.Ct. 482 [(1989)], who in turn become parties to the collective action

---

[30] Sandoz, 553 F.3d at 915 n.2.

[31] Casanova, 2014 WL 6606573, at *2.

[32] Allen v. McWane, Inc., No. 2:06-CV-158, 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006) (citing Mooney v. Aramco Servs., Co., 54 F.3d 1207, 1214 n.8 (5th Cir. 1995)).

[33] Casanova, 2014 WL 6606573, at *2 (quoting Walker v. Honghua Am., LLC, 870 F.Supp.2d 462, 465-66 (S.D. Tex. 2012) (internal citations and quotation marks omitted)).

[34] H & R Block, Ltd. v. Housden, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (internal citations omitted).

only by filing written consent with the court, § 216(b).[35]

At the notice stage, "courts generally refuse to consider a defendant's arguments on the merits."[36] "Ultimately, a court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff and not from any generally applicable rule, policy or practice."[37]

Second, if the Court conditionally certifies the collective action, after the close of discovery, the defendant can move to decertify the collective action.[38] The Court must then "make a factual determination as to whether there are similarly-situated employees who have opted in."[39] If the Court finds similarly-situated employees have opted in, the collective action may proceed.[40] But, if the Court finds that the employees are not similarly situated, the opt-in plaintiffs are dismissed without prejudice, leaving only the named plaintiff's individual claims.[41]

With regard to notice to putative class members, "the benefits of a collective action

---

[35] Genesis, — U.S. —, 133 S.Ct. at 1530.

[36] Gandhi v. Dell Inc., No. A-08-CA-248, 2009 WL 1940144, at *3 (W.D. Tex. Jul. 2, 2009), report and recommendation adopted by No. A-08-CA-248, docket no. 110 (W.D. Tex. Aug. 4, 2009) (internal citations omitted). See also Casanova, 2014 WL 6606573, at *2 ("During the notice stage, 'courts do not review the underlying merits of the action in determining whether to conditionally certify.'" (quoting Walker, 870 F.Supp.2d at 465-66)).

[37] Pedigo v. 3003 South Lamar, LLP, 666 F.Supp.2d 693, 698 (W.D. Tex. 2009) (internal citations and quotation marks omitted).

[38] See Sandoz, 553 F.3d at 915 n.2; Casanova, 2014 WL 6606573, at *2; Alvarez, 2012 WL 4103876, at *9.

[39] Sandoz, 553 F.3d at 915 n.2.

[40] Id. See also Casanova, 2014 WL 6606573, at *2; Alvarez, 2012 WL 4103876, at *9.

[41] Id.

'depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'"[42] Accordingly, "district courts must exercise their discretion regarding the form and content of the notice so as to ensure that the notice is accurate and that it includes information that would be needed to make an informed decision whether to join the lawsuit."[43]

## IV. ANALYSIS

**A.     Discovery**

Plaintiff asks

> that Defendants be ordered to produce within ten (10) days of the granting of this Motion in an electronic format such as an [E]xcel spreadsheet, the names, all known addresses, all phone numbers (home, mobile, etc.), dates of birth, all known email addresses (work and personal), social security numbers, and dates of employment for all the class members employed from three years prior to the filing of this lawsuit to the present.[44]

Plaintiff argues the information requested "allows Plaintiff to confirm current addresses and/or to locate those persons who may have moved from their last known addresses."[45]

Defendants object to aspects of plaintiff's request for discovery, raising two principal arguments. First, defendants argue that, "contrary to the decisions cited by Plaintiff, many federal district courts have concluded that social security numbers, phone numbers, and even email addresses constitute private and confidential information that should not be disclosed, at

---

[42] Behnken v. Luminant Mining Co., LLC, 997 F.Supp.2d 511, 523 (N.D.Tex. 2014) (quoting Hoffman-La Rouche, Inc. v. Sperling, 493 U.S. 165, 169, 110 S.Ct. 482 (1989)).

[43] Id.

[44] Docket no. 20 at 20.

[45] Id.

8

least not without proof that notice cannot be effected without disclosure of this information."[46] Second, defendants argue discovery of telephone numbers poses the risk of improper solicitation by class counsel.[47]

In reply, plaintiff argues courts "including those within the Western District of Texas . . . routinely require employers to produce any contact information in their possession for the putative class . . . which includes phone numbers, emails, and social security numbers."[48] Plaintiff further argues the information sought will prevent return of notices by mail directed to "outdated or inaccurate addresses," and that "Defendants do not provide the Court with any actual evidence that would lead it to believe that Plaintiff's counsel would violate the ethical rules or circumvent the Court's authority in this collective action."[49]

Plaintiff cites only one case from the Western District—Marez v. KHG of San Antonio, L.L.C.—and no cases from the Fifth Circuit, for her argument that courts "routinely" require production of all available contact information for putative class members.[50] In Marez, the discovery dispute was limited to whether the defendants were required to produce email addresses for the putative class.[51] Defendants objected to plaintiffs' request, arguing that they did

---

[46] Docket no. 23 at 3.

[47] Id. at 6-7.

[48] Docket no. 24 at 2 (citing Marez v. KHG of San Antonio, L.L.C., Civil Action No. 5:14-CV-00585-OLG-HJB (W.D.Tex. Nov. 26, 2014) (docket no. 82)).

[49] Id. at 2, 3.

[50] Id. at 2.

[51] SA-14-CA-585-OLG-HJB (W.D.Tex. Nov. 26, 2014), docket no. 79.

9

not collect or possess employees' email addresses.[52] The Magistrate Judge noted that defendants "should not be made to produce information they do not possess," but recommended "that Defendants provide Plaintiffs with email addresses, if any, for putative class members that are in its possession."[53] In the two-page order adopting the Magistrate Judge's recommendations, the District Judge simply ordered production of "any potential class member's contact information that is in Defendants' possession" without further discussion of email addresses.[54] Thus, although the Magistrate Judge recommended that defendants be required to produce email addresses for employees, it did so in a record in which defendants had already represented to the Court they did not possess email addresses for employees. Thus, the precedential impact of Marez on the contested issue in this case is minimal, if not non-existent.

Further, in support of their argument social security numbers, telephone numbers, and email addresses should not be disclosed, defendants cite another case from this District, Garcia v. TWC Administration, L.C.C.[55] In Garcia, the Court held that "extensive disclosures requested by Plaintiffs," including requests to produce "Social Security numbers, dates of birth, phone numbers, and email addresses," were "inappropriate at this stage of the case," noting privacy concerns and that "many [courts] have taken the view that putative class members' names and addresses are sufficient to ensure that notice is received."[56] The Court further held that "[w]ith

---

[52] Id. at p.9.

[53] Id.

[54] SA-14-CA-585-OLG (W.D.Tex. Nov. 26, 2014) (J. Garcia), docket no. 82 at 2.

[55] SA:14-CV-985-DAE, 2015 WL 1737932 (W.D.Tex. Apr. 16, 2016) (J. Ezra).

[56] Id. at *4 (citations omitted).

10

respect to Social Security numbers in particular, privacy and security concerns outweigh the interest in ensuring that notice is received at this stage."[57] Accordingly, the Court limited disclosure to the names and addresses of putative class members, but provided that "[f]or those putative class members whose notices are returned as undeliverable, Plaintiffs may request the production of additional information to assist them in reaching those individuals."[58]

Therefore, the only case plaintiff cites bearing controlling authority in this District Court does not support disclosure at this stage of putative class members' telephone numbers or Social Security numbers, and does not involve an objection to the disclosure of email addresses based on privacy concerns. Defendants cite a case bearing controlling authority, Garcia, which holds that disclosure of class members' telephone numbers, Social Security numbers, and email addresses is not appropriate at this stage. The Court finds Garcia to be direct precedent and otherwise persuasive. Further, although Garcia does not address dates of birth, for the same reasons Garcia did not order the disclosure of "personally identifiable information" such as social security numbers, the Court now does not order the disclosure of dates of birth for the class members without a showing from plaintiff that such information is needed to provide class members with notice.

In sum, the portion of plaintiff's motion to authorize notice to class members that asks for discovery of information about class members is **granted in part and denied in part**. To the extent plaintiff seeks an order requiring defendants to disclose the information showing the names, mailing/residence addresses, and dates of employment of class members in the

---

[57] Id. at *4, n.2.

[58] Id. at *5.

possession, custody, and control of defendants, plaintiff's motion is **granted** and defendants should produce non-privileged responsive information in their possession, custody, and control within **fourteen (14) days** of the date of this order. In all other respects, plaintiff's motion is **denied**. Specifically, to the extent plaintiff asks for the dates of birth, telephone numbers, email addresses, and Social Security numbers of class members, the request is denied without prejudice to plaintiff's requesting additional information for the class members whose notices are returned by the United States Postal Service as undeliverable.

**B.    Notice**

    **1.    period of class membership**

Plaintiff argues that notice should be given to potential class members employed within a three-year period because defendants' FLSA violations were willful.[59] In response, defendants argue "the proper time frame is . . . three years preceding the Court's ruling on Plaintiff's Motion" to "certify" the action as a collective action, because "case law provides that the filing of a putative collective action does not toll the statute of limitations for any unnamed plaintiffs, and that a class member's statute of limitations does not stop running until the class member actually files suit or joins the action."[60] Plaintiff does not address defendants' argument in her reply.

In her proposed class notice, plaintiff indicates the notice should be directed to "dancers who worked at the San Antonio Men's Club at any time between *(three years prior to the*

---

[59] Docket no. 20 at 17-18.

[60] Docket no. 23 at 2 n.1

12

*granting of conditional certification*) and today."[61] Thus, it appears the parties do not disagree that the proposed class includes all entertainers who worked within the three years preceding the Court's granting the conditional "certification" on September 10, 2015.

### 2. contents of notice

Plaintiff argues the Court should approve its proposed notice to class members (attached to plaintiff's motion) because it is "timely, accurate, and informative."[62] In response, defendants argue the proposed notice: (1) "devotes a substantial amount of time explaining why plaintiff believes that entertainers are/were employees, and not independent contractors" and leaves class members "with the distinct impression that liability is a virtual certainty;" (2) "fails to mention, as it should, that, in the event that Defendants prevail, costs of court may be taxed against them;" (3) fails to advise class members that they may be required to answer discovery, sit for depositions, participate in trial, that they might be excluded from the class at a later date if they signed an arbitration agreement, or that they may hire their own counsel; (4) and, by use of bold language, tacitly "suggests that Defendants would want to retaliate against opt-ins."[63] In reply, plaintiff argues her proposed notice advises potential class members they may opt not to participate and "that the Court has not made a decision on the merits, or that any recovery is guaranteed."[64] Plaintiff further argues defendants' proposed amendments to the notice are

---

[61] Proposed notice at 1 (original emphasis).

[62] Docket no. 20 at 19.

[63] Docket no. 23 at 12-15.

[64] Docket no. 24 at 10.

intended to "'chill' participation by putative class members."[65]

In a section of her proposed notice captioned "What is this Lawsuit About?" plaintiff presents an extensive list of the damages sought against defendants—indeed, the list comprises the majority of the section—but then in half a sentence disclaims that "[t]he Court has not decided who is right."[66] The Court agrees with defendants that this section of the proposed notice creates an inaccurate impression about the likelihood of recovery. Accordingly, the Court determines that this section of the notice must be amended to include the disclaimer language proposed by defendants in their response.[67]

Plaintiff does not provide any argument or authority that defendants' proposed amendment to the class notice to inform the class member about cooperating with discovery (including being deposed) or participating in trial proceedings is inaccurate—only that such notice might chill participation. But courts "routinely approve of such language" in class notices.[68] Nor do plaintiffs provide any argument or authority to show defendants' proposed amendments that class members (1) may hire their own counsel or (2) might be obligated to pay court costs (especially in light of the notice's representation that "[i]f the dancer loses, you will receive nothing, but you will not have to pay anything either"[69]) are inaccurate. Courts have held

---

[65] Id.

[66] Proposed notice at 1.

[67] Docket no. 23 at 13 (citing Huang v. Gateway Hotel Holdings, 248 F.R.D. 225, 229 (E.D.Mo 2008); Perrin v. Papa John's Int'l, 2011 WL 4815246, *2 (E.D.Mo. Oct. 11, 2011)).

[68] Behnken, 997 F.Supp.2d at 524.

[69] Proposed notice at 2.

14

that both types of advisements are appropriate in class notices.[70] Here, plaintiff should include the information in plaintiff's notice.

As to the final matters under dispute, the Court disagrees with defendants that the notice should be amended to reflect that potential class members might be excluded from the class at a future time if they signed an arbitration provision, as this information might result in overly broad self-selection by potential class members at this stage in the lawsuit. Further, the Court declines to eliminate the bolded language regarding retaliation, as defendants have not shown the information conveyed is not accurate or does not correctly state the rights afforded to class members under the FLSA.

### 3.    follow-up notice

Plaintiff proposes that "class members be given sixty (60) days to opt into the lawsuit" and that a second notice be sent "thirty (30) days prior to the deadline to opt-in, but only to those individuals who have not opted in to the lawsuit."[71] In response, defendants argue "sending a follow-on reminder notice may be taken by class members as encouragement to join[.]"[72] In reply, plaintiff argues it is customary in collective actions for putative class members to "contact[] class counsel wanting to join after the opt-in deadline passed," "usually related to

---

[70] Id. (modifying class notice to indicate class members may bear proportional taxable court costs in unfavorable judgment); Tolentino v. C & J Spec-Rent Svcs., Inc., 716 F.Supp.2d 642, 655 (S.D.Tex. 2010) (modifying class notice to inform class members they may contact an attorney of their choice).

[71] Docket no. 20 at 24. Defendants do not object to the 60-day opt-in period.

[72] Docket no. 23 at 12.

misplacing the original notice letter or forgetting the court mandated opt-in deadline."[73]  Plaintiff has not cited authority, or provided argument, to show that it is appropriate to incur costs relating to the sending of a second notice to persons simply based on the speculation that the person must have lost the original notice or forgot about its contents.  The United States District Court for the Southern District of Texas has denied a plaintiffs' request for a reminder notice as unnecessary and inappropriate.[74]  The Court declines to order that putative class members be sent a follow-up notice.[75]

    **4.**       **email notification and electronic opt-in through Right Signature**

Plaintiff argues the class notice should be distributed by email, "an affordable, instantaneous and reliable way for important legal issues to be communicated to large groups of people," and "that class members be allowed to execute their consent form electronically via a service called Right Signature, which tracks the IP address and email address from which the form is being accessed and executed."[76]  In response, defendants argue that plaintiff provides "no justification . . . why class members should be allowed to opt into the case by signing the opt-in form electronically (as opposed to signing the consent form as is traditionally done) and that

---

[73] Docket no. 24 at 9.

[74] In re Wells Fargo, No. H-11-2266, 2013 WL 2180014, *3 (S.D. Tex., May 17, 2013) (court "does not believe reminder notices are necessary or appropriate. The proposed phone messages likewise are not necessary to effectuate notice.").

[75] To be clear, if the notice first sent is returned as undeliverable, then it may be appropriate for the parties to confer to determine if further contact information can be learned/shared about the potential class member so that a second attempt at delivery of a written notice can occur.

[76] Docket no. 20 at 22-23.

"given that Defendants do not have email addresses for the class members, there is no way to ensure that the email addresses and IP addresses used to access Right Signature actually belong to a particular class member."[77]

The Court cannot compel notice by email if defendants do not have the records of email addresses of potential class members. Further, the Court agrees with defendants that plaintiff has not provided argument or authority to show it is unrealistic or impractical to ask potential class members to show their decision to opt-in by the traditional means of signing a paper consent form and returning it by mail. Accordingly, the Court declines to order that notice be sent by email or that class members can opt-in through Right Signature.

5. **third party class action administrator**

Plaintiff argues that she be "permitted to hire, if necessary, a third party class action administration company to conduct the actual mailing of the notice and forms if it deems appropriate."[78] In response, defendants argue plaintiff provides no reason why class counsel cannot fulfill its notice process obligations without a third-party administrator.[79] In reply, plaintiff argues "the class of putative plaintiffs is large and exceeds 1,000 individuals" and "[t]he use of a third party administrator allows for the effective handling of notice to a large group of putative plaintiffs in a timely and cost effective manner."[80]

After careful consideration of the arguments, because the class is potentially large, it

---

[77] Docket no. 23 at 11.

[78] Docket no. 20 at 21.

[79] Docket no. 23 at 10-11.

[80] Docket no. 24 at 9.

17

seems reasonable that plaintiff may wish to retain a third party administrator for the limited purpose plaintiff identifies—"conduct[ing] the actual mailing of the notice and forms"[81]—through United States mail (and not email).  Defendants have not demonstrated that the costs likely to be charged by such a third party administrator would be any greater than the costs likely to be incurred if the notice process were handled directly by/though plaintiff's counsel's office.

### 6. posting of notice

Plaintiff argues that the notice should be "prominently posted at Defendants' place of business."[82]  In response, defendants argue posting of notice at the San Antonio Men's Club "would only be seen by current entertainers," whose "contact information is up to date,"[83] and "[m]oreover, the only place where a notice could be posted where it would only reach the entertainers . . . would be in the dressing room of the adjoining boutique (Secrets Boutique) that the entertainers use to change clothes," which is "leased to, and operated by, a third party."[84]  In reply, plaintiff argues:

> Given the likelihood that Defendants' records are inadequate to supply contact information on each member of the proposed class, Plaintiff requests that notice be prominently posted at Defendants' place of business (the exotic dancers' dressing room).  Defendants argue that they lease the dressing room used by its exotic dancers from a 'third party,' and therefore posting at this location is inappropriate.  Defendants admit, however, that notice at this location would only

---

[81] Docket no. 20 at 21.

[82] Id. at 24.  To be clear, plaintiff does not provide argument relating to the "boutique" until her reply brief.

[83] Docket no. 23 at 8-9.

[84] Id. at 9.

18

reach the Class Members. Defendants fail to show how posting notice in the exotic dancers' dressing room, a location they have control over and provide <u>only</u> to its exotic dancers away from customers and other club employees would cause undue burden, reputational harm, or other adverse impact on its business.[85]

Plaintiff's reply seems to mischaracterize defendants' argument. Defendants represent that the dressing room in which plaintiff proposes to post the notice is leased <u>to</u> a third party (Secrets Boutique) and not <u>from</u> a third party. If Secrets Boutique is indeed a third-party lessor of the dressing room, plaintiff has provided no argument or authority to show it would be appropriate, or sufficient, for the notice to be posted in that establishment.[86] Although, as defendants recognize, courts have held that the posting of notices can be proper, based on defendants' representation that a notice posted inside the San Antonio Mens's Club would only be seen by current employees, each of whom "have signed agreements to arbitrate any claims, including specifically FLSA claims, and to waive participation in any collective actions,"[87] under the circumstances of this case, plaintiff has not demonstrated the posting of a notice inside the San Antonio Men's Club during the opt-in period, in addition to the employees receiving a notice in the mail, is needed.

## V. ORDER

Based on the foregoing discussion:

---

[85] Docket no. 24 at 4 (original emphasis).

[86] Guzelgurgenli v. Prime Time Specials, Inc., 883 F.Supp.2d 340, 358 (E.D.N.Y. 2012) ("[T]he Court cannot direct the Defendants to post a notice on property belonging to a party who is not involved in this suit.").

[87] Docket no. 23 at 9-10.

- it is **ordered** that plaintiff's request for discovery[88] is **GRANTED IN PART and DENIED IN PART** as follows:

  · plaintiff's request for discovery of names, addresses, and dates of employment of class members is **granted**, and within **fourteen (14) days** of the date of this order, defendants must produce non-privileged responsive information in their possession, custody, or control; and

  · in all other respects, plaintiff's request for discovery is **denied without prejudice** to plaintiff's requesting additional information as may prove to be needed to enable plaintiff to provide notice to those class members whose notices are returned as undeliverable by the United States Postal Service;

- it is **ordered** that within **fourteen (14) days** of the date of this order, the parties are directed to confer and file with this Court: (a) notice to class members and consent form (revising Exhibits A and B attached to plaintiff's motion in accordance with this order; and (b) order granting class notice (revising the proposed order attached to plaintiff's motion to delete references to the "certification" decision already made by Chief Judge Biery and to address issues relating to notice in accordance with this order);

- it is **ordered** that class notice must be conducted in accordance with this order and as may be further ordered by the Court.

**ORDERED, SIGNED** and **ENTERED** this 22nd day of September, 2015.

_____
**PAMELA A. MATHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[88] Docket no. 20.